UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND CHARLES BRACKETT,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDERSON WENDELL, *et al.*,<br><br>        Defendants. | Case No.  2:21-cv-02282-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>    (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 5<br><br>THIRTY-DAY DEADLINE<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION BE DENIED<br><br>ECF Nos. 7, 9, 10, 11, 12, & 13 |

Plaintiff has filed a complaint alleging that defendants denied him access to courts, interfered with his legal mail, assaulted him, and housed him in unsanitary conditions.  ECF No. 5 at 3-5.  These claims are neither sufficiently pled nor sufficiently related to each other to proceed in a single lawsuit.  I will give plaintiff an opportunity to amend his complaint before recommending that it be dismissed.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and deny his second application, ECF No. 6, as moot.

1

**I.      Screening Order**

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants, twenty-four in total, have violated his rights by denying him access to the courts, interfering with his legal mail, assaulting him, and housing him in unsanitary conditions. The complaint is difficult to read, and I cannot tell how each of these

defendants is alleged to have personally violated plaintiff's rights. Additionally, plaintiff's claims do not appear to bear any factual relation to each other and so are unsuited to proceed in a single lawsuit.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

## II. Other Pending Motions

In addition to his complaint and requests to proceed *in forma pauperis*, plaintiff has filed a request for appointment of counsel, ECF No. 3, and six motions for preliminary injunctive relief, ECF Nos. 7, 9, 10, 11, 12, & 13.

Plaintiff's request for counsel is denied. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525 (internal quotation marks and citations omitted). And I cannot conclude that exceptional circumstances

1   requiring the appointment of counsel are present here.  The allegations in the complaint are not
2   exceptionally complicated.  Further, plaintiff has not demonstrated that he is likely to succeed on
3   the merits.  For these reasons, plaintiff's motion to appoint counsel is denied without prejudice.
4         Plaintiff's motions for preliminary injunctive relief should be denied.  "A plaintiff seeking
5   a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely
6   to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in
7   his favor, and that an injunction is in the public interest."  *Winter v. NRDC, Inc.*, 555 U.S. 7, 20
8   (2008).  Given that plaintiff's current complaint is deficient, he cannot show that he is likely
9   succeed on the merits.  I recommend that his motions for preliminary injunction be denied
10  without prejudice.
11      Accordingly, it is ORDERED that:
12      1.  Plaintiff's first application to proceed *in forma pauperis*, ECF No. 2, is GRANTED
13  and his second, ECF No. 6, is DENIED as moot.
14      2.  Plaintiff's motion for appointment of counsel, ECF No. 3, is DENIED without
15  prejudice.
16      3. Within thirty days from the service of this order, plaintiff must either file an
17  Amended Complaint or advise the court he wishes to stand by his current complaint.  If he selects
18  the latter option, I will recommend that this action be dismissed.
19      4. Failure to comply with this order may result in the dismissal of this action.
20      5. The Clerk of Court is directed to send plaintiff a complaint form and assign a district
21  judge to this action.
22      Further, it is RECOMMENDED that plaintiff's motions for preliminary injunction, ECF
23  Nos. 7, 9, 10, 11, 12, & 13, be DENIED without prejudice.
24      I submit these findings and recommendations to the district judge under 28 U.S.C.
25  § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
26  Eastern District of California.  Within 14 days of the service of the findings and
27  recommendations, any party may file written objections to the findings and recommendations
28  with the court and serve a copy on all parties.  That document should be captioned "Objections to

4

Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    March 28, 2022                                                 
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE