UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND CHARLES BRACKETT,<br><br>Plaintiff,<br><br>v.<br><br>WENDELL ANDERSON, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-02282-KJM-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS SECOND AMENDED COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL; OR<br><br>(2) FILE A THIRD AMENDED COMPLAINT<br><br>ECF No. 32<br><br>THIRTY-DAY DEADLINE<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>ECF Nos. 7, 9, 10, 11, 12, & 13<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff, an inmate at the Yuba County Jail, raises several unrelated claims. First, he alleges that members of the Yuba County District Attorney's Office have refused to allow him to go to court. ECF No. 32 at 3. Second, he alleges that guards at the Yuba County Jail have assaulted him with the approval of their superiors. *Id.* at 4. Third, he alleges that between August 2021 and July 2022 he was refused both contact with his counsel and court visits by staff at the

jail. *Id.* at 5. Finally, he alleges that a county judge and his public defender have helped cover up assaults perpetrated against him in the county jail. *Id.* at 13. These allegations are inadequately pled and, moreover, do not appear sufficiently related to proceed in the same lawsuit. I will grant plaintiff one final opportunity to amend and narrow his claims before recommending dismissal. I will also withdraw my previous findings and recommendations, ECF No. 14, and recommend anew that plaintiff's motions for preliminary injunction, ECF Nos. 7, 9, 10, 11, 12, & 13, be denied without prejudice.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff raises unrelated claims against more than one defendant. His allegations regarding court access, for instance, are not sufficiently related to his claims about being assaulted in jail. Moreover, none of his claims comport with federal pleading requirements. Plaintiff lists numerous names and titles in connection with each alleged violation of his rights but fails to allege what actions each defendant took in personally violating his rights. Absent specific allegations, the claims amount to the sort of "unadorned, the-defendant-harmed me" accusation that the Supreme Court has determined to be inadequate. *Ashcroft*, 556 U.S. at 678.

I will give plaintiff one final opportunity to amend his complaint to include only related claims that are adequately pled. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

I also renew my recommendations that plaintiff's motions for preliminary injunctive relief, ECF Nos. 7, 9, 10, 11, 12, & 13, be denied. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The deficiency of plaintiff's complaint precludes a showing that he is likely to succeed on the merits of his claims.

Accordingly, it is ORDERED that:

1. The findings and recommendations filed March 29, 2022, ECF No. 14, are vacated.

2. Within thirty days from the service of this order, plaintiff must either file another amended complaint or advise me that he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

Further, it is RECOMMENDED that plaintiff's motions for preliminary injunctive relief, ECF Nos. 7, 9, 10, 11, 12, & 13, be DENIED without prejudice.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   September 8, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4