UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND CHARLES BRACKETT, | No. 2:21-cv-02282-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| WENDELL ANDERSON, et al., | |
| Defendants. | |

The plaintiff, an inmate at Yuba County Jail proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 8, 2022, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. The plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations reach the correct result, but they are not supported by the proper analysis.

/////

1

The magistrate judge recommends denial of six motions for preliminary injunction filed by the plaintiff based on findings in a screening order under 28 U.S.C. § 1915A(a). *See* ECF No. 33 at 3. Included with the recommendations on the motions for injunctive relief, this screening order finds the second amended complaint is inadequately pled. *See id.* In this screening order, as in a prior screening order since vacated, *see* ECF No. 14, the magistrate judge finds generally that the pleadings contain unrelated claims that should not be joined in a single action. *See* ECF No. 33 at 3. The magistrate judge further finds the plaintiff has not alleged with sufficient specificity acts or omissions by each named defendant that contributed to the alleged violations of his constitutional rights. *See id.*

"[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). The recent screening order and its predecessor do not meet this requirement. The order cites no legal authority governing joinder of claims—not even the applicable Rule of Civil Procedure. Nor does the order provide any explanation for the finding that the claims are insufficiently related. As a result, the order's conclusory assertion that the claims "are not sufficiently related" does not allow the plaintiff an effective opportunity to cure this purported deficiency. ECF No. 33 at 3.

Moreover, the finding that plaintiff did not "allege what actions each defendant took in personally violating his rights," *id.* at 3, is not fully supported by the record. Review of the second amended complaint shows it includes both specific factual allegations against named defendants and more general allegations against other unnamed individuals. *See* ECF No. 32 at 3–5. The screening order does not distinguish between these separate sets of allegations. In this way, the screening order is ambiguous about the pleading issues that are the basis for this aspect of the finding that the second amended complaint is deficient. Without such factual explication, the plaintiff does not have sufficient "notice of the deficiencies in his complaint" to be able to effectively use his opportunity to amend. *Akhtar*, 698 F.3d at 1212.

/////

Although the court adopts the findings and recommendations' conclusion that the plaintiff's six motions for preliminary injunctive relief must be denied without prejudice, it does so based on different reasoning. To prevail on a motion for injunctive relief, a plaintiff "must establish that he is liked to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). In order to make the required showing under Rule of Civil Procedure 65, the movant must provide a basis in evidence, not "platitudes." *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013). Here, the plaintiff's six motions for preliminary injunctive relief are unattested statements unsupported by evidence. *See* ECF Nos. 7, 9, 10, 11, 12, & 13. Without evidentiary support, the court cannot grant injunctive relief and therefore **denies without prejudice** the plaintiff's motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for preliminary injunctive relief, ECF Nos. 7, 9, 10, 11, 12, & 13, are DENIED without prejudice; and

2. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings consistent with this order.

DATED: October 11, 2022.

[signature]
CHIEF UNITED STATES DISTRICT JUDGE