UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND CHARLES BRACKETT, | Case No. 2:21-cv-02282-KJM-JDP (PC) |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| WENDELL ANDERSON, *et al.*, | |
| Defendants. | |

Plaintiff, an inmate in the Yuba County Jail, brings his third amended complaint. ECF No. 38. I have reviewed it and determined that, for screening purposes only, he may proceed on his Sixth Amendment claims against Sheriff Wendell Anderson. All other claims and defendants should be dismissed.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief,
2    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
3    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
4    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
5    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
6    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
7    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
8    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
9    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
10   n.2 (9th Cir. 2006) (en banc) (citations omitted).

11   The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
12   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
13   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
14   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
15   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
16   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
17   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

19   Plaintiff's lengthy complaint is difficult to read and to understand, but the first claim
20   asserted is viable.  Therein, he alleges that Sheriff Anderson has instituted a policy at the Yuba
21   County Jail of depriving inmates on suicide watch, of which plaintiff was one, of access to their
22   counsel, legal mail, telephone rights, and court visits.  ECF No. 38 at 3.  These allegations are
23   sufficient to state viable Sixth and Fourteenth Amendment claims against Anderson.  *See Maine
24   v. Moulton*, 474 U.S. 159, 170 (1985) ("[T]he Court has also recognized that the assistance of
25   counsel cannot be limited to participation in a trial; to deprive a person of counsel during the
26   period prior to trial may be more damaging than denial of counsel during the trial itself.").

27   The remainder of plaintiff's claims, to the extent I am able to understand them, are non-
28   cognizable.  He alleges that his public defenders have provided ineffective assistance of counsel.

2

ECF No. 38 at 4. This claim must be brought, if at all, in a habeas petition after his conviction is finalized. *See, e.g.*, *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). Plaintiff appears to allege wrongdoing by at least one state judge, but this claim is foreclosed by judicial immunity. *Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) ("Section 1983 only contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity."). Plaintiff names numerous other officials—attorneys, judges, and sheriff's department employees—across his lengthy complaint, but the allegations are so disjointed and difficult to parse that I cannot tell how these claims are related or, sometimes, even what they are.

Given that this is plaintiff's third amended complaint, I conclude that additional opportunities to amend are unwarranted, and he should proceed only with the claim identified as cognizable in this order.

Accordingly, it is ORDERED that:

1. The third amended complaint, ECF No. 38, brings viable Sixth and Fourteenth Amendment claims against defendant Anderson.

2. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the October 20, 2022 complaint, and 1 USM-285 form and instructions for service of process on defendants Anderson. Within 30 days of service of this order, plaintiff must return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure

Further, it is RECOMMENDED that all other claims and defendants be DISMISSED without leave to amend for failure to state a viable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

3  objections shall be served and filed within fourteen days after service of the objections.  The

4  parties are advised that failure to file objections within the specified time may waive the right to

5  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

6  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

7

8  IT IS SO ORDERED.

9  Dated:   April 30, 2023

10                                              JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND CHARLES BRACKETT, | No. 2:21-cv-02282-KJM-JDP (PC) |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| WENDELL ANDERSON, et al., | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff must submit:

      __1__    completed summons form

      __1__    completed forms USM-285

      __2__    copies of the October 20, 2022 complaint

 

_____

Plaintiff

Dated:

6