UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND CHARLES BRACKETT,<br><br>       Plaintiff,<br><br>     v.<br><br>WENDELL ANDERSON,<br><br>       Defendant. | Case No.  2:21-cv-02282-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL AND FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF Nos. 56, 57, 68, 70, & 72<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

  Plaintiff, an inmate at Butte County Jail proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff proceeds against Sheriff Wendell Anderson on a Sixth Amendment claim arising from an alleged policy at the Yuba County Jail of depriving plaintiff and other inmates on suicide watch of access to counsel, legal mail, telephones, and court. Before me are three requests for injunctive relief filed by plaintiff and a motion for appointment of counsel. For the reasons set forth below, I will deny the motion for counsel and will recommend that plaintiff's requests for injunctive relief be denied.

  In the initial two requests for injunctive relief, plaintiff asks that defendant be restrained from "utilizing 'jail' 'guards' under his instruction to carry out a number of unprovoked and

1

1    unsolicited assaults" on him at Yuba County Jail.  ECF Nos. 56, 68.  Plaintiff further requests that

2    he no longer be in defendant's care and custody.  ECF No. 56.  Plaintiff's requests are moot,

3    however, since he is no longer housed at the Yuba County Jail.  If an inmate is seeking injunctive

4    relief with respect to his conditions of confinement at a particular facility, the prisoner's transfer

5    to another prison renders moot the request for injunctive relief unless there is some evidence of an

6    expectation of being transferred back.  *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001)

7    (explaining that "when a prisoner is moved from a prison, his action will usually become moot as

8    to conditions at that particular facility") (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir.

9    1995); *Johnson v. Moore*, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam) (finding that claims for

10   injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved

11   and "he has demonstrated no reasonable expectation of returning to [the prison]").  Here, plaintiff

12   has not presented evidence that there is an expectation that he will be transferred back to the Yuba

13   County Jail, and so these two motions for injunctive relief should be denied.

14       Plaintiff's third motion for injunctive relief requests that Butte County Jail provide him

15   with ink pens.  ECF No. 70.  This request should be denied because such an order would not

16   remedy any of the claims in this case.  Moreover, the court has no jurisdiction over Butte County

17   Jail, as neither that institution nor its officials are before the court.  "A federal court may issue an

18   injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over

19   the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v.*

20   *U.S. Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).  I also recognize that prison

21   administrators "should be accorded wide-ranging deference in the adoption and execution of

22   policies and practices that in their judgment are needed to preserve internal order and discipline

23   and to maintain institutional security."  *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting

24   *Bell v. Wolfish*, 441 U.S. 520, 547 (1970)).

25       Plaintiff requests appointment of counsel.  ECF No. 56.  He does not have a constitutional

26   right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.

27   1997), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v.*

28   *U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the

voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court should seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff asks that counsel be appointed because he faces challenges accessing the law library. While I am sympathetic to the difficulties plaintiff may be experiencing, minimal to no access to the law library does not establish exceptional circumstances warranting the appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel in a case in which the plaintiff complained that he had limited access to law library and lacked a legal education). Also notably, the U.S. Marshal was only recently directed to serve the pleading on defendant; there are currently no pending deadlines for plaintiff. ECF No. 65.[1]

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 57, is denied.

2. Plaintiff's motion for status, ECF No. 72, is denied as moot.

It is also RECOMMENDED that plaintiff's motions for injunctive relief, ECF Nos. 56, 68 & 70, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file

---

[1] It may also be appropriate to consider that plaintiff has been able to file several motions in the past few months.

objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     October 18, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE