UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND CHARLES BRACKETT,<br><br>  Plaintiff,<br><br>  v.<br><br>WENDELL ANDERSON,<br><br>  Defendant. | Case No. 2:21-cv-02282-KJM-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S REQUEST FOR A HEARING, GRANTING PLAINTIFF'S MOTION TO AMEND, AND SCREENING THE AMENDED COMPLAINT<br><br>ECF Nos. 81 & 85<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE BE DENIED AND DISMISSING PLAINTIFF'S SPEEDY TRIAL CLAIM<br><br>ECF Nos. 79 & 81<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, a pretrial detainee proceeding without counsel, brought this case in December 2021. ECF No. 1. After several iterations of the complaint, the court found that plaintiff alleged cognizable Sixth and Fourteenth Amendment claims against defendant Wendell Anderson. ECF Nos. 38 & 60. All other claims and defendants were dismissed. *Id.* Defendant has appeared and filed a motion to dismiss. ECF No. 79. The motion generally argues that plaintiff failed to

1

exhaust his administrative remedies and failed to plead his claims adequately. Shortly thereafter, plaintiff filed both a motion to amend and a proposed amended complaint. ECF No. 81. Defendant moves to strike the proposed amended complaint. ECF No. 82. Because I find that leave to amend is warranted, I recommend denying defendant's motion to dismiss and motion to strike. I will also screen plaintiff's proposed amended complaint.[1]

**I.  Motion to Amend and Motion to Strike**

On February 8, 2024, plaintiff filed a motion to amend and a proposed amended complaint. ECF No. 81. Plaintiff argues that errors in his prior complaint were brought to his attention by defendant's motion to dismiss, including accidently leaving some areas of the complaint blank. *Id.* at 7. In lieu of filing an opposition to plaintiff's motion to amend, defendant filed a motion to strike the proposed amended complaint. ECF No. 82. Defendant argues that the court's May 1, 2023 order and Federal Rule of Civil Procedure 15 both bar plaintiff's proposed amended complaint. ECF No. 82. Because the motion to strike presents arguments as to why plaintiff should not be allowed to amend his complaint, I will address both motions together.

**a.  Legal Standards**

Rule 15(a)(2) directs that a court "should freely give leave [to amend a complaint] when justice so requires." Courts generally should be liberal in allowing a party leave to amend. *Sonoma Cnty. Ass'n of Retired Emples. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Leave to amend should be denied only where there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original). Of these considerations, prejudice to the opposing party receives the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Rule 12(f) authorizes a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function

---

[1] Plaintiff has also filed a request for a hearing. ECF No. 85. There is no need for a hearing currently; therefore, the motion is denied.

of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally viewed with disfavor; they are usually denied unless the allegations in the pleading have no possible relation to the controversy and could prejudice one of the parties. *See* 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380; *see also Spencer v. Lopez*, No. 1:20-cv-01203-JLT-BAK (SKO) (PC), 2022 WL 1712961, at *4 (E.D. Cal. May 27, 2022) ("Where no [] prejudice is demonstrated, motions to strike may therefore be denied even though the offending matter was literally within one or more of the categories set forth in Rule 12(f).") (internal citations and quotation marks omitted).

      **b. Analysis**

After reviewing the submissions of the parties, I find that, pursuant to Federal Rule of Civil Procedure 15(a), plaintiff should be given leave to file an amended complaint. *See Eminence Capital, LLC*, 316 F.3d at 1051 ("Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality.") (quotations omitted); *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005) (noting that leave to amend "should be granted more liberally to *pro se* plaintiffs").

I also recommend that defendant's motion to strike be denied. Defendant does not explain how the factual allegations against him, as presented in the proposed amended complaint, are "redundant, immaterial, impertinent, or scandalous," as required for an order granting his Rule 12(f) motion. In addition, defendant fails to demonstrate that he will be prejudiced by the additional factual allegations in the proposed amended complaint. And although I previously instructed plaintiff that no further amendments would be accepted, here there is no indication that plaintiff is seeking to amend his complaint in bad faith and, given the liberality of the applicable legal standard, I find it appropriate to allow amendment. *See Park v. Welch Foods, Inc.*, No. 5:12-cv-06449-PSG, 2014 WL 1231035, at *1 (N.D. Cal. Mar. 20, 2014) ("Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike.").

3

**II.    Screening**

      **a.  Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

      **b.  Analysis**

The court previously found that plaintiff stated viable access to courts and access to counsel claims based on allegations that defendant had "instituted a policy at the Yuba County Jail of depriving inmates on suicide watch, of which plaintiff was one, of access to their counsel,

4

1 legal mail, telephone rights, and court visits." ECF No. 47 at 2.  Plaintiff now seeks to narrow his
2 complaint.  *See* ECF No. 81.  The proposed amended complaint alleges that defendant caused
3 plaintiff to miss four specific court appearances.  *Id.* at 3-4.  For the reasons stated in the prior
4 order, this claim is cognizable.  *See Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Sands v. Lewis*,
5 886 F.2d 1166, 1169-70 (9th Cir. 1989).  The complaint additionally alleges that defendant
6 violated plaintiff's speedy trial right under the Sixth Amendment by not allowing him to go to
7 court.  *Id.* at 5.  This claim is not cognizable, and I recommend it be dismissed without leave to
8 amend.

9       Plaintiff has not informed this court whether his criminal case has been resolved, but his
10 claim fails under either the *Younger* or *Heck* abstention doctrines.

11       It is well established that federal courts should not intervene with state cases absent
12 extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37 (1971) ("Since the beginning of
13 this country's history Congress has, subject to few exceptions, manifested a desire to permit state
14 courts to try state cases free from interference by federal courts.").  The *Younger* abstention
15 doctrine is premised upon a fundamental "public policy against federal interference with state
16 criminal prosecutions."  *Id.* at 43.  Here, plaintiff has an adequate remedy at law because he may
17 pursue his speedy trial claim in the state court proceeding (if the proceeding is still on-going).
18 Plaintiff's request for a speedy trial should be presented to the state court where his trial is
19 pending; this court should not interfere.

20       If, however, plaintiff's state court proceedings are no longer ongoing, this court cannot
21 award him damages in this § 1983 action because he has not demonstrated that his conviction or
22 sentence has been invalidated.  If this court were to grant a judgment in favor of plaintiff, it would
23 imply that his state court conviction is invalid, therefore making his request for damages
24 inappropriate and subject to dismissal.  *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Thomas v.*
25 *Pugh*, 9 F. App'x 370 (6th Cir. 2001) (finding a pre-trial detainee's § 1983 claim that he was
26 denied a speedy trial to be barred by *Heck*); *Munywe v. Peters*, No. 3:20-cv-05431BJR-JRC, 2022
27 WL 2975010, at *6 (W.D. Wash. Jan. 24, 2022) (dismissing the plaintiff's speedy trial claim
28 because it called into question the validity of the plaintiff's underlying conviction and was

therefore *Heck*-barred); *Gibbs v. Contra Costa Cnty.*, 2011 WL 1899406, at *3 (N.D. Cal. May 19, 2011) (dismissing a speedy trial claim because such claim "necessarily implies" the invalidity of the plaintiff's conviction and such conviction has not been reversed or invalidated).

More fundamentally, even if this court construed plaintiff's claim as one sounding in habeas, the claim would still fail. The Ninth Circuit has held that the *Younger* abstention principle applies where a petitioner seeks pre-conviction habeas relief. *See Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). Generally speaking, abstention principles require a district court to abstain from exercising jurisdiction over a habeas petition that asserts a speedy trial claim as an affirmative defense to state prosecution. *See id.* at 84 (finding no irreparable injury in waiting until after trial to assert speedy trial claim); *Brown v. Ahern*, 676 F.3d 899, 900, 903 (9th Cir. 2012) ("[W]hen a state does avail itself of the abstention doctrine as a defense to the exercise of federal habeas jurisdiction, that doctrine requires dismissal of a habeas petition that prematurely raises a Speedy Trial defense to state prosecution."). A speedy trial claim does not, in and of itself, constitute an extraordinary circumstance necessitating pre-trial habeas consideration. *See Brown*, 676 F.3d at 901.

### III. Motion to Dismiss

In light of plaintiff's amended complaint, defendant's motion to dismiss should be denied as moot. Indeed, two of defendant's arguments; exhaustion and failure to state a claim for denial of access to counsel, appear to no longer be at issue in the amended complaint.

### IV. Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motion to amend, ECF No. 81, is granted.
2. The Clerk of Court is directed to docket the proposed amended complaint, ECF No. 81-1, on the docket.
3. Plaintiff's amended complaint has been screened and the court has found his Fourteenth Amendment claims cognizable.
4. Plaintiff's motion for a hearing, ECF No. 85, is denied.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 79, be denied.

2. Defendant's motion to strike, ECF No. 82, be denied.

3. Plaintiff's claim for a speedy trial right violation be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 8, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE